### In re HARPER'S ESTATE.

(Surrogate's Court, New York County. June 3, 1916.)

EXECUTORS AND ADMINISTRATORS ☞508(1)—SETTLEMENT OF ACCOUNT—HOLDING OPEN DECREE.

 The Surrogate's Court will not hold open indefinitely a decree settling the account of executors, and prevent their discharge, merely because an alleged legatee fails to take the necessary proceedings to establish her right to a legacy, but will insert a provision in the decree that it is made without prejudice to any right of the legatee to compel payment of the legacy.

 [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2192–2196; Dec. Dig. ☞508(1).]

On application for resettlement of a decree settling the account of the executors of Joseph W. Harper. Application for resettlement of the decree granted to the extent indicated.

See, also, 158 N. Y. Supp. 1000.

Olin & Phelps, of New York City (W. G. Murphy, Jr., of New York City, of counsel), for petitioners.

Crawford & Tuska, of New York City (Benjamin Tuska, of New York City, of counsel), for claimant.

William Spoerle, of New York City, for general guardian.

FOWLER, S. This is an application for resettlement of a decree settling the account of executors. In my decision published on May 2, 1916, I refused to determine the right of the legal representative of Emma H. Dodge to a legacy of $1,000. The decree entered in 1900, settling the intermediate account filed by the executors, provided that

$2,500 be retained to pay the legacy to Emma H. Dodge after it was determined by a court of competent jurisdiction that the executors should pay it. No proceeding has yet been brought to determine this question, although 16 years have elapsed since the entry of the prior decree. The court will not hold a decree open indefinitely, and prevent the discharge of executors, merely because an alleged legatee fails to take the necessary proceedings to establish her right to a legacy. The proposed decree, therefore, should not contain a provision that the executors continue indefinitely to retain part of the estate for the payment of the legacy. I will, however, insert a provision in the decree to the effect that it is made without prejudice to any right which the legal representative of Emma H. Dodge may have to compel payment of the legacy.

The application for resettlement of the decree is granted to the extent herein indicated.